UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIE C. CHAMLEY, an individual,

    Plaintiff,

    v.

THE UNITED STATES, *et al.*,

    Defendants.

Case No. C17-0522RSM

ORDER GRANTING MOTION FOR ALTERNATE SERVICE OF PROCESS

THIS MATTER comes before the Court on Plaintiff's Motion Allowing Alternative Service of Process. Dkt. #10. Plaintiff seeks leave of Court to serve Defendants Obra L. Kent and John Doe Kent by mail, by service of process on the Secretary of State of the State of Washington, and by publication. *Id.* Plaintiff's Complaint alleges negligence claims against Defendants, arising out of an automobile accident that occurred on Interstate 5 in 2014. Dkt. #1.

Federal Rule of Civil Procedure 4 (e)(1) provides that "service of an individual . . . may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located." Under Washington law,

> [s]ervice made in the modes provided in this section is personal service. The summons shall be served by delivering a copy thereof, as follows:
>
> . . .
>
> (16) In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person

ORDER - 1

of suitable age and discretion then resident therein.

(17) In lieu of service under subsection (16) of this section, where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address. For the purposes of this subsection, "usual mailing address" does not include a United States postal service post office box or the person's place of employment.

RCW 4.28.080.

Further,

[w]hen the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases:

. . .

(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent; . . . .

RCW 4.28.100.

Under RCW 4.28.110,

[t]he publication shall be made in a newspaper of general circulation in the county where the action is brought once a week for six consecutive weeks: PROVIDED, That publication of summons shall not be made until after the filing of the complaint, and the service of the summons

ORDER - 2

> shall be deemed complete at the expiration of the time prescribed for publication. The summons must be subscribed by the plaintiff or his or her attorney or attorneys. The summons shall contain the date of the first publication, and shall require the defendant or defendants upon whom service by publication is desired, to appear and answer the complaint within sixty days from the date of the first publication of the summons; and the summons for publication shall also contain a brief statement of the object of the action.

Finally, under RCW 46.64.040,

> [t]he acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his or her operation of a vehicle thereon, . . . shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his or her true and lawful attorney upon whom may be served all lawful summons and processes against him or her growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, . . . and such operation and acceptance shall be a signification of the nonresident's agreement that any summons or process against him or her which is so served shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. . . .

ORDER - 3

1
2  It appears that after a diligent effort, Plaintiff has not been able to locate Defendants
3  Obra L. Kent or John Doe Kent.  *See* Dkts. #10-2 and #10-3.  Plaintiff has clearly articulated
4  facts to meet the conditions of the above statutory provisions.  Accordingly, the Court hereby
5  ORDERS that Plaintiff's Motion for Alternative Service of Process (Dkt. #10) is
6  GRANTED.
7   DATED this 30 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4